THE STATE on the relation of FERGUSON *v.* THE BOARD OF TRUSTEES OF THE WABASH AND ERIE CANAL.

Nov. Term, 1853.

THE STATE v. THE BOARD OF TRUSTEES OF THE WABASH AND ERIE CANAL.

By the 5th specification of the 8th section of the act of 1846 "to provide for the funded debt of the state of *Indiana* and for the completion of the *Wabash* and *Erie* canal to *Evansville*," it was enacted that from and after the first of *January*, 1853, an account of the tolls and revenues of, and the expenditures on, that portion of said canal between *Lafayette*, inclusive, and the *Ohio* state line, should be kept separate and apart from a like account of that portion between *Lafayette*, exclusive, and *Evansville*; and from that time the tolls and revenues derived from the first-named portion, after defraying expenses, &c., should first be applied to make the full interest of five per cent. on the certificates of stock which might be issued for bonds then outstanding and known as *Wabash* and *Erie* canal bonds. The interest was payable on the first days of *January* and *July*. By the tenth section of the supplemental act of 1847, the scale of distribution above set forth was changed, but there was a proviso saving the just rights of the holders of bonds outstanding and known as the *Wabash* and *Erie* canal bonds as provided for in said eighth section. The relator being the owner and holder of 56,712 dollars of the stock of said canal issued in place of principal and interest of the original bonds of said canal surrendered to the state for cancellation in exchange for said stocks, pursuant to the act and supplemental act above named, demanded of the trustees the interest on said stock from the first of *January*, 1853, to the first of *July* of that year, between which periods the trustees kept an account of the tolls and revenues of, and the expenditures on, that part of the canal between the *Ohio* state line and *Lafayette*, which amounted to more than enough, after defraying necessary expenses, repairs and outlays, to pay 5 per cent. interest per annum on the certificates of stock issued on account of the original bonds surrendered and known as *Wabash* and *Erie* canal bonds. A large sum, however, was necessary to finish the canal from *Lafayette* to *Evansville*, and for the work done the trustees were indebted; and, besides the stocks issued on the surrender of the original *Wabash* and *Erie* canal bonds, various other stocks were issued under the act referred to.

*Held,* that the trustees should have paid the interest demanded, and that, having refused, a *mandamus* would lie to compel them to pay it.

APPEAL from the *Vigo* Circuit Court.

DAVISON, J.—This was a proceeding by writ of *mandamus,* issued from the *Vigo* Circuit Court against said board of trustees. The writ commands them forthwith to pay to the relator 1,417 dollars out of the net tolls and revenues of that portion of said canal between the *Ohio* state line and *Lafayette*, inclusive, or show cause to the contrary thereof.

Monday, *December* 5.

Nov. Term,
1853.

THE STATE
v.
THE BOARD OF
TRUSTEES OF
THE WABASH
AND ERIE CA-
NAL.

The relator, it appears, is the owner and holder of 56,712 dollars of *Wabash* and *Erie* canal stocks, duly issued in place of principal and interest of original *Wabash* and *Erie* canal bonds surrendered to the state for cancellation, in exchange for said stocks, pursuant to an act to provide for the funded debt of the state and for the completion of said canal to *Evansville*, and also an act supplementary thereto. See Laws of 1846, p. 3, and Laws of 1847, p. 3.

The sum demanded by the writ is the interest on said stocks from the first of *January*, 1853, to the first of *July* in that year. It also appears, that between these periods, the said trustees kept an account of the tolls and revenues of, and the expenditures on, that part of the canal between the *Ohio* state line and *Lafayette*, and they amounted to more than a sufficiency, over defraying necessary expenses, repairs and outlays, to pay the full interest of 5 per centum per annum on all certificates of stocks that had been issued on account of that class of original bonds surrendered and known as *Wabash* and *Erie* canal bonds.

But the trustees, in answer to the writ, allege that the canal is unfinished. To complete it, the outlay of a large amount of money is still required. For the work already done in its construction, they are now indebted, and it is their duty to apply all said tolls and revenues to the payment of such indebtment, and upon the work required for its completion. That besides the stocks issued on the surrender of the original *Wabash* and *Erie* canal bonds, there is a variety of other stocks issued under the operation of the acts referred to. And it is not intended by these acts that they shall pay from said tolls and revenues the interest on the class of stocks as claimed by the relator, in exclusion of other stocks therein specified, &c.

A demurrer to the answer was overruled, and the proceeding dismissed, &c.

Whether the Court erred by overruling the demurrer, must depend upon the construction to be given to said acts. By the eighth section of the original act, "the bed of the *Wabash* and *Erie* canal and its extensions," &c.,

is vested in said trustees by grant from the state, "and also all the lands and lots (not sold or disposed of) heretofore given," &c., "by the general government to the state to aid in the construction of said canal," &c., "and all moneys due and to grow due," &c., "on account of any sale or sales heretofore made of any canal lands," &c., "in trust and security for the uses and purposes following," &c. The act then proceeds to declare the trusts, and the manner and order in which the trust funds shall be applied toward the liquidation of the different liabilities which the canal and its assets are made to assume under the arrangement of the state debt. And then comes the proviso in the fifth specification of said section, viz.: "From and after the first day of *January*, 1853, an account of the tolls and revenues of, and the expenditures on, that portion of the canal between *Lafayette*, inclusive, and the *Ohio* state line, shall be kept separate and distinct from a like account of that portion between *Lafayette*, exclusive, and *Evansville*, and from and after that period the tolls and revenues derived from the first-named portion, after defraying necessary expenses," &c., "shall first be applied to make the full interest of five per centum per annum on the certificates of stock that may be issued for the bonds now outstanding and known as the *Wabash* and *Erie* canal bonds," &c.

The scale of distribution set forth in the section just referred to, is altered by the tenth section of the supplemental act; but that section contains a provision "saving the just rights of the holders of bonds outstanding and known as the *Wabash* and *Erie* canal bonds as provided for in the said eighth section."

The relator, in accordance with the terms of the law, surrendered a number of bonds of the class designated in the above-recited proviso. Then, does the case presented by the record entitle him to 5 per cent. interest on his certificates of stock, out of the net tolls and revenues of the first-named portion of the canal, from the 1st of *January*, 1853? The proviso constitutes an exception to the general provisions of the act. It evidently discriminates

Nov. Term, 1853.

THE STATE
v.
THE BOARD OF TRUSTEES OF THE WABASH AND ERIE CANAL.

Nov. Term, 1853.

in favor of the class to which the relator's stocks belong. "From and after the 1st of *January*, 1853," the tolls and revenues derived from the first-named portion, &c., "after defraying expenses," &c., "shall first be applied to make the full interest," &c., "on certificates of stock that may be issued for bonds," &c., "known as *Wabash* and *Erie* canal bonds." This language is very explicit. Indeed, there is no room left for construction. There is, therefore, no difficulty in pointing out the duty of the trustees under the proviso. From and after the period above named, they were bound to keep separate accounts of the revenues of the two sections of the canal. It is admitted that such accounts were kept; that the funds in their hands were sufficient to have met, in full, the interest on all the certificates issued for *Wabash* and *Erie* canal bonds. This interest, by the fifth section of the act, is payable on the first days of *January* and *July*. The record shows that the relator made proper demand of the interest due on his certificates on the first day of last *July*. In view of the facts of this case, we think it was the duty of the trustees to have paid the amount demanded. And they, having failed to do so, the Court, in our opinion, committed an error by dismissing the writ.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*M. G. Bright*, for the state.

*W. D. Griswold*, for the defendants.