ILLINOIS STATE HOSPITAL FOR THE INSANE, Appellant, *v.*
JAMES M. HIGGINS, Appellee; The same, Appellant, *v.* JOHN
CROCKER, Appellee.

### APPEAL FROM MORGAN.

A suit should be brought against a corporation, and not against the individuals incorporated by a common appellation.

Dues payable out of a particular fund, cannot be recovered in debt or assumpsit; the appropriate remedy is by mandamus, after the account has been audited by the proper officer.

THESE cases were heard before WOODSON, Judge of the Morgan Circuit Court, at October term, 1853.

The facts are stated in the opinion of the court.

W. BROWN, and STUART, and EDWARDS, for appellant.

M. McCONNEL, for appellee.

SCATES, J.   The summons issued against the "Illinois State Hospital for the Insane," and the declaration counted accordingly, in case on promises for salary due Higgins, as medical superintendent.   Overruling a demurrer to the declaration is the error assigned; and the only question raised, is the right to maintain an action against the institution by this name, and to recover this demand in this form of action.   We are of opinion that the action will not lie.

The institution is incorporated by the name of the "Trustees of the Illinois State Hospital for the Insane," in which it may sue and be sued, and take and hold property, and transact all necessary business, although it is styled and known as the Illinois State Hospital for the Insane.   Acts 1847, p. 42, secs. 1, 2, 9.

Being a corporate body and not a voluntary association for eleemosynary purposes, where suit is brought, it should be against the corporation, and not against the individuals incorporated by the common appellation of the institution.   They are not liable for the acts of the corporation, in an action in that name.

The court resolves further, that dues payable out of a particular fund, as the medical superintendent's salary in this case, do not arise on contract, and will not authorize an action of

16*

debt or assumpsit, which would entitle the plaintiff below to satisfaction out of the general property of the institution. 10 Eng. C. L., and Eq. R. 490; 70 Eng. C. L. R. 535; 4 Serg. and Rawle's R. 448; 8 Meeson and Welsby's R. 605.

The appropriate remedy for the defendant, is to have his account audited by the proper officer of the institution; and upon refusal of the officer, either to audit the account, or to make proper allowances, a mandamus will lie to compel its adjustment.

*Judgment reversed.*