THE STATE OF NEBRASKA, EX REL. ALBERTUS N. DODSON, v. CHARLES W. MEEKER.

1. **Removal of County Officers:** MANDAMUS. Where the county board, upon complaint and a hearing thereon, removes a county officer from office, renders judgment of ouster, and appoints a successor, who qualifies in accordance with the provisions of law and demands possession of the office, books, records, etc., and such demand is refused, mandamus is the proper remedy to compel the removed official to surrender such office.

2. ———: FILLING VACANCY. County boards have authority to fill vacancies in all county offices. Where an officer of court is merely suspended it is the duty of the court of which he is such officer to "supply his place by appointment for the term" of such court. The word "suspended," in section 9 of article 2, chapter 18, of the Compiled Statutes, is not synonymous with the word "removed," in section one of the same article.

3. ———: SUPERSEDEAS BOND. Where a county officer has been removed from office by the county board for official misconduct, and proceedings in error have been taken in the district court for the purpose of having the judgment of removal reviewed, the filing of a supersedeas bond does not supersede the judgment of removal so as to entitle the incumbent to retain the office pending the proceedings in error. The law makes no provision for staying such a judgment by the execution of such bond.

ORIGINAL application for mandamus.

*Griggs & Rinaker,* for relator, cited: Code, §§ 588, 593. *State v. Jaynes,* 26 N. W. R., 711.

*Abbott, Grim, & Ryan Bros.,* for respondent, cited: *Ex parte Thatcher,* 2 Gilm., 168. *Hannon v. Commissioners,* 89 N. C., 123. *Atherton v. Sherwood,* 15 Minn., 251. *State v. Sheldon,* 10 Neb., 453. And claimed that remedy was by *quo warranto. People v. Olds,* 3 Cal., 17. *State, ex rel. Lytle, v. Douglas County,* 18 Neb., 506.

REESE, J.

This is an application to this court, in the exercise of its original jurisdiction, for a peremptory writ of mandamus, requiring the respondent to surrender to the relator the possession of the office of the clerk of the district court of Saline county, together with the seal, books, papers, and records belonging thereto. The allegations of the relation are, that on and prior to the 4th day of August, 1885, the respondent was the duly qualified and acting clerk of said court, and that on that day a complaint was filed with the county board, charging him with various violations of the law, and which by law are made cause for removal from office. That such proceedings were had before said board as, on the 6th day of March, 1886, resulted in a finding and judgment of guilty and a removal of respondent from said office by said board. That on the same day the said board duly appointed the relator to the office of such clerk to fill the vacancy caused by such removal. That the relator had duly qualified as such officer by taking the necessary oath of office and filing a bond which was approved by the county board. That possession of said office had been demanded by relator and refused by respondent.

The answer of respondent admits the allegations of the relation as to his being the duly elected and qualified clerk of the district court, and the finding and order of the board of county commissioners of March 6th, but denies the legal sufficiency of the complaint, denies that said findings and order of the county board are of any legal force or effect, and alleges that said pretended judgment of removal is void. It is also alleged that on the 8th day of March, 1884, he presented to said board his supersedeas bond in the sum of $1,000, with good and sufficient surety, and demanded a proper transcript of the proceedings, and that such tender of bond and demand for transcript were for the purpose of removing said cause to the district court of said county for review by proceedings in error. Said board declined to approve said bond, giving as their sole ground for such refusal a want of authority so to do, and that he thereupon procured said bond to be approved by the clerk of said district court, and filed in said court his petition in error, together with a transcript of said proceedings, and that said proceedings in error are now pending in said court. The pretended appointment of relator by said board is admitted, but it is alleged that said board had no power or authority to make the same, and that said pretended appointment was void. Upon the hearing it was stipulated that relator had taken the oath of office and filed his bond as alleged by him, and that proceedings in error were pending in the district court as alleged by respondent.

The contentions of respondent are, that mandamus is not the proper remedy, there being a complete remedy by proceedings in the nature of *quo warranto;* that the relator has not been legally appointed, and that a supersedeas bond having been filed and the cause removed into the district court by proceedings in error, the judgment of the county board is superseded and respondent is entitled to hold the office until a final determination of the case.

As it seems to us, the first question must depend on the other two for a solution. If the removal of respondent was valid in law, thereby creating a vacancy in the office, and if the county board had authority to appoint relator, and the proceedings in error have not superseded the judgment of removal, then it would be clear that relator is entitled to the office. This right being conceded, it is pretty clear that mandamus would be the proper remedy. *State, ex rel., v. Jaynes, ante* p. 161.

The next contention, that relator has not been legally appointed, calls in question the authority of the county board to appoint a clerk of the district court in case of the removal of an incumbent. Section 101 of chapter 26 of the Compiled Statutes, 1883, provides that, "Every civil office shall be vacant upon the happening of either of the following events at any time before the expiration of the term of such office, as follows: 1. The resignation of the incumbent. 2. His death. 3. His removal from office," etc. Section 103 provides that, " vacancies shall be filled in the following manner: In the office of the reporter of the supreme court, by the supreme court. In all other state and judicial district offices, and in the membership of any board or commission created by the state, where no other method is specially provided, by the governor. In county and precinct offices by the county board," etc. The office of clerk of the district court being a county office, the power is here given to fill a vacancy therein. But it is insisted by counsel for respondent that section 9 of chapter 18, Id., especially confers this authority upon the district court. This chapter provides the method of removal of county officers from office, and the section above referred to is as follows: "When the accused is an officer of the court and is *suspended*, the court may supply his place by appointment for the term." (The italics are our own.) It is insisted that the word "suspended," as used in this section, must be taken and con-

strued as anonymous with "removed," as used in other sections of the chapter. The first section provides that, "all county officers, including justices of the peace, may be charged, tried, and removed from office for official misdemeanors in the manner and for the causes following," etc. Section 7 is as follows: "The questions of fact shall be tried as in other actions, and if the accused is found guilty, judgment shall be entered removing the officer from his office, and declaring the latter vacant, and the clerk shall enter a copy of the judgment in the election book."

It is the opinion of the court that the word "suspended," as it occurs in section 9, cannot be given the meaning contended for. It was evidently the mind of the legislature that cases *might* arise, either growing out of the circumstances of the case or by an express provision of law, that an officer would have of necessity to be suspended, pending the investigation of charges against him; and that in case the suspended officer should be an officer of a court, or particularly of the one hearing the charges, his place might be supplied temporarily in order that the business of the " term " might not be interfered with, without the accused having to be removed from the office as a condition precedent to such appointment. Without this section ample provision is made for the appointment of officers to fill vacancies, and we can see no sufficient reason for giving the word any other meaning than that to which it is ordinarily and usually entitled.

The next and last question is as to the effect of the proceedings in error for the purpose of reviewing the judgment of removal. The *right* of the respondent to prosecute proceedings in error is not questioned by the relator. But the question is, assuming that respondent has that right, does the bond filed by him suspend the judgment of removal until a final hearing in the reviewing court? It is not claimed by respondent, and could not rightly be so

claimed, that any provision of statutory law can be found which would give the right to supersede this judgment. While section 588 of the civil code makes provision for a stay of execution in the cases therein named, yet cases of this kind do not come within its provision. As was said by Chief Justice MAXWELL in *The State, ex rel., v. The Judges, ante* p. 149, "The provisions for a *supersedeas* are not as broad as those for the review of judgments on error." But it is insisted that section 901 of the civil code is intended to apply to cases of the kind at bar, and that by its provisions a stay of proceedings can be had as by the former practice when the writ of error existed as a writ of review. There are some, to us, insurmountable objections to this view. By section 509 of the civil code, the writ of error is abolished, but the power of courts to compel complete and perfect transcripts, etc., as in writs of error, is preserved. Judgments and final orders are as much the subject of review as they were formerly, but the power of review is given alone by statute by proceedings in error without the intervention of the allowance of a writ of error, acceptance of bail, etc. Section 901 is as follows: "Rights of civil action given or secured by existing laws shall be prosecuted in the manner provided by this code, except as provided in the following section. If a case ever arise in which an action for the enforcement or protection of a right, or the redress or prevention of a wrong, cannot be had under this code, the practice heretofore in use may be adopted so far as may be necessary to prevent a failure of justice."

While we need not stop now to enquire just what cases might arise where "the enforcement or protection of a right or the prevention of a wrong" could not be had, it is clear that this case is not one of those described in this section. Ample provision is made by law for the redress of the wrong complained of and the protection of all rights by

the proper tribunal, and a method of procedure is provided. The right of review by appeal or proceedings in error is a statutory one. *Wilcox v. Saunders*, 4 Neb., 569. *State v. Ensign*, 11 Id., 531. Secs. 580 and 777, civil code. Provision having been made for the review of all judgments and final orders made by inferior tribunals, and special provisions having been made for a stay of execution in certain cases (section 588, civil code), it must be taken as the legislative will that other cases are excluded. In this connection it is urged with considerable force that if respondent is not permitted to supersede the judgment of the county board, if the judgment of ouster against him should be finally reversed, he would be deprived of his office and the emoluments thereof, without any recourse upon the relator. Whether or not this is true we need not now decide; but if it is, it is an omission which can be corrected by the legislature alone. But it may also be said that the law of removals from office must have been intended as a somewhat summary method of removing officials who were violating the law; and if the decisions of county boards may be locked up by a supersedeas bond, the short official tenures of county officers in this state would enable a corrupt official to hold the office until the expiration of his term, in defiance of all efforts to remove him for official misdemeanors. This is not intended as a reflection, in any degree, upon the merits of the case pending in the district court, but as a suggestion, in a general way, that the omission of the legislature to provide a method of superseding may not have been an oversight. It must be so treated until otherwise expressed. In this connection it would not be deemed improper, perhaps, for us to add, that in cases of this kind, where, if a judgment of removal, if wrongful, would work great hardship to the removed official, it is apparent that reviewing courts should render all practicable aid to such person by granting an

early hearing and determination of such cases, in order that the injury, if any, might be as light as possible, but further than this they cannot go.

A peremptory writ must be allowed as prayed.

WRIT ALLOWED.

THE other judges concur.