STATE, EX REL. WILLIAM H. HUNT, V. MAYOR AND CITY COUNCIL OF KEARNEY.

[FILED DECEMBER 3, 1889.]

1. **Elections:** CONTEST: APPEAL: BOND DOES NOT SUSPEND JUDGMENT.    Where, in a contest of election, the district court declares the party contesting entitled to the office of councilman of a city, a supersedeas bond, although duly filed and approved, will not stay the judgment, there being no provision of statute for such suspension of judgment. (*State v. Meeker*, 19 Neb., 444; *Gandy v. State*, 10 Id., 249.)

2. ———: ———: INJUNCTION.    Where, in a contest of election, the contestant has been adjudged entitled to the office contested, a court of equity has no authority to enjoin him from taking possession of the office, and an appeal from an order dissolving the temporary injunction will not lie.

ORIGINAL application for *mandamus*.

*Marston & Nevius*, for relator.

*E. C. Calkins*, and *Hartman & Dryden*, *contra*.

MAXWELL, J.

This is an application for a *mandamus* to compel the defendants to admit the relator to his seat as a member of the council of said city. It is alleged in the petition that "the city of Kearney, Nebraska, is a municipal corporation, organized as a city of the second class of over 5,000 inhabitants, under the general laws of the state of Nebraska, and is divided into four wards, and has been so organized and divided for nearly two years last past; that the plaintiff is a resident, legal voter, and taxpayer of the Fourth ward in said city, duly qualified to hold office therein, and has been ever since its organization and division as aforesaid; that at the annual election for councilmen, held in said city on the 3d day of April, 1888, there were two councilmen to be elected in said Fourth ward: one for one year, called the short term, and one for two years, called the long term, and that the plaintiff was elected as councilman from said Fourth ward for the said long term of two years; that at said election one John Barnd was also a candidate for the office of councilman of said Fourth ward for said long term, and claimed to be elected to said office; that on or about the 9th day of April, 1888, the plaintiff contested the election of said John Barnd to said office in the county court of said Buffalo county, and upon the hearing of the said contest the same was decided, by said court, in favor of this plaintiff; that thereupon said John Barnd appealed said cause to the district court of said county, and upon the hearing thereof in said court, on the 18th day of February, 1889, a judgment was entered therein by said court, containing, among other things, the words and figures following, to-wit: 'It is therefore ordered and adjudged by the court that the said William H. Hunt be, and he is hereby, declared the duly elected councilman for the long term in the Fourth ward in the said city of Kearney, Ne-

braska, and entitled to the possession of said office, and entitled to all the honors and emoluments thereof, from and after the 1st day of May, 1888, and to the end of said term'; that no appeal has ever been taken from said judgment, to this or any other court; that on the 20th day of September, 1889, an order of the judge of said district court was issued directed to the sheriff of said Buffalo county and commanding him to put the plaintiff in possession of his said office of councilman, which order was duly executed by said sheriff on the night of the 21st day of September, 1889, and the plaintiff was put in possession of his seat and office, but the said mayor and council have ever since refused to allow this plaintiff to take his seat, or to take any part in the proceedings of said council, and still refuse; that on the 21st day of October, 1889, the plaintiff made upon the defendants a demand in writing for his seat in said council as a member thereof on the ground (1) that he was lawfully entitled to the possession of said office by virtue of a judgment and order of the district court in and for Buffalo county, Nebraska, from which judgment no appeal had ever been taken; (2) that they, nor any others, had the lawful right to prevent him from taking possession of and performing the duties of the office of councilman of said city, but his demand was refused, and the mayor and council still refuse to admit or recognize him as a member of said council; that he is lawfully and legally entitled to the possession of said office, and to a seat in said council, and to participate in the proceedings thereof, by virtue of his election thereto, as well as by the judgment of the district court of said Buffalo county, as herein set forth; that the said term of two years, for which said plaintiff was elected councilman as aforesaid, will expire on or about the first Tuesday in April, 1890, that being the time fixed by law for holding the annual election for councilmen in said city, and that unless granted the relief herein asked his said term of office will expire and he be deprived of his rights

to hold said office, and exercise the rights and privileges and enjoy the honors thereof, as he is lawfully entitled to do."

To this petition the defendants filed an answer, as follows: "They admit the first, second, fourth, and all of the fifth paragraphs of said petition, except that part of the fifth that pertains to the matter of appeal from the judgment of the district court, set out in said petition, and also admit the seventh paragraph in said petition, and denies each and every other allegation in said petition contained not hereinafter or hereinbefore admitted or denied.

"They allege that it is true that the said Hunt was a candidate for election against the said Barnd, as in said petition set out, but deny that said Hunt was elected as a member of said council, and state the truth to be that a certificate of election was issued to the said Barnd, as councilman from the Fourth ward, and that after said election the said Hunt filed a complaint contesting said election in the county court of said Buffalo county, and that on hearing said contest, said judge decided the same to be a tie, whereupon lots were cast and the said Hunt secured the favorable choice; and thereupon the said Barnd appealed said cause to the district court, in which court, on trial of said case, said contest was again declared to be a tie, whereupon lots were cast, resulting in a choice in favor of said Hunt, and that thereupon the Honorable Lewis A. Groff, judge trying said cause, entered a decree in words and figures following:

*        *        *        *        *        *        *

"'Now, on this day, this cause coming on to be heard, upon the pleadings and the stipulation of the parties filed herein, the court proceeded to inspect the twenty-one ballots submitted under said stipulation, and upon the examination of said ballots, and after hearing arguments of counsel, and being fully advised in the premises, doth find that the said twenty-one ballots, numbered from one to twenty-one,

inclusive, for identification and convenient reference, numbers 2, 3, 6, 7, 9, 10, 11, 12, 15, and 21 were cast for the said John Barnd, contestee, and being added to the 117 votes admitted in said stipulation, makes the whole number of votes cast for him at said election aforesaid 127; and numbers 1, 4, 5, 8, 13,19, and 20 were cast for William H. Hunt, contestant, which being added to the 121 votes admitted in said stipulation, makes the whole number of votes cast for him at said election aforesaid 127; that numbers 14, 16, 17, and 18 of said votes be rejected as void. It appearing from the said count that each of said candidates received an equal number of votes cast at said election, and that the result was a tie vote, it is ordered by the court that the said parties proceed to determine the question which of them shall be declared elected to said office by lot, as provided for by statute; that the said lot be prepared and cast as follows: That two envelopes, exactly alike, be prepared, in each of which shall be placed a piece of paper, one of said slips having written thereon the word "Councilman," and both of said envelopes duly sealed and placed in a hat by the court, and that the sheriff of this court be blindfolded, and in the presence of the court and the parties, or their counsel, draw from said hat one of said envelopes, at the same time calling the name of the condidate for whom he draws, and if the envelope so drawn contains the slip with the word "Councilman" thereon, then the person so named by the said sheriff shall be declared as having been duly elected to said office; and if the envelope so drawn shall contain the blank slip of paper, then the candidate not named by the sheriff, as aforesaid, shall be declared as having been duly elected to said office, and that said drawing take place immediately. And now the said drawing having taken place, and the said sheriff having drawn from said hat one of said envelopes, and at the same time saying that he drew for John Barnd, and upon opening the said envelope by the court it is found

that the said envelope contained the blank slip of paper, it is therefore ordered and adjudged by the court that the said William H. Hunt be, and he is hereby, declared the duly elected councilman for the long term in the Fourth ward, and in the said city of Kearney, Nebraska, and entitled to the possession of said office and all the honors and emoluments thereof, from and after the first day of May, 1888, and to the end of said term.'

" That within twenty days after said decree was rendered the said Barnd filed his bond in the sum of $500, with good and approved sureties, and on or about the 1st day of September, 1889, had prepared by the clerk of said district court a transcript of the proceedings in said cause, and thereafter, to-wit, on the 23d day of September, 1889, filed the aforesaid transcript, together with a petition in error in the supreme court of Nebraska, and on said last named date caused the clerk of said supreme court to issue a summons in error for the said Hunt, and that the same was served on the said Hunt by the sheriff of said Buffalo county on the 25th day of September, 1889, and the defendants aver that said cause is at this time pending and undetermined in said supreme court."

There is also an allegation that a judge of the district court, sitting at chambers at North Platte, did issue a writ of ouster to the sheriff of Buffalo county, commanding him to eject Barnd from said office, and that such writ was duly executed ; that immediately thereafter, to-wit, on the 30th day of September, 1889, Barnd commenced an action in the district court of Buffalo county to enjoin Hunt from taking his seat in said city council ; that a temporary injunction was thereupon granted, which was afterwards dissolved ; to which dissolution an exception was duly taken and a bond in the sum of $1,000, with good and sufficient sureties, was thereupon duly filed and approved, as required by chapters 26 and 27 of the Session Laws of 1889, which, it is claimed, stay all proceedings while the appeal

State, ex rel. Hunt, v. Mayor, etc., of Kearney.

from the order dissolving the injunction is pending.    The relator demurred to the answer, and the case is submitted on the pleadings.

The fourth subdivison of chapter 26 is as follows: " When the judgment, decree, or final order dissolves or modifies any order of injunction which has been, or here- after may be, granted, the supersedeas bond shall be in such reasonable sum as the court or judge thereof, in vacation, shall prescribe, conditioned that the appellant or appellants will prosecute such appeal without delay, and will pay all costs which may be found against him, or them, on the final determination of the cause in the supreme court ; and such supersedeas bond shall stay the doing of the act or acts sought to be restrained by the suit, and continue such injunction in force until the case is heard and finally determined in the supreme court.    The undertaking given upon the allowance of the injunction shall be and remain in effect until it is finally decided whether or not the injunction ought to have been granted."

Chapter 27 provides : " That in case of the dissolution or modification by any court, or any judge at chambers, of any temporary order of injunction which has been, or may hereafter be, granted, the court or judge so dissolving or modifying said order of injunction shall at the same time fix a reasonable sum as the amount of a supersedeas bond, which the person or persons applying for said injunction may give, and prevent the doing of the act or acts, the commission of which was, or may be, sought to be restrained by the injunction so dissolved or modified. Such supersedeas bond shall be executed on or before twenty days from the time of the order dissolving or modifying such injunction, shall be signed by one or more sufficient sureties, to be approved by the clerk of the court, and shall be conditioned that the party or parties who obtained such injunction shall pay to the defendant, or defendants, all damages which he or they shall sustain by reason of said

injunction, if it be finally decided that such injunction ought not to have been granted. Such supersedeas bond shall stay the doing of the act or acts sought to be restrained by the suit, and continue such injunction in force until the case is heard and finally determined by the judgment, decree, or final order of the court in term time."

In cases of removal from office a supersedeas bond does not stay the proceedings (*State v. Meeker*, 19 Neb., 444), as there is no provision of statute authorizing a suspension of the judgment in such cases. This question was very fully considered by the court in *State v. Meeker, supra,* and the decision, we believe, is correct. It will therefore be adhered to.

The only question for determination, therefore, is whether or not a court of equity, or the judge thereof, had authority to grant an injunction in a case like that under consideration.

Under a republican form of government the will of the people as shown by the necessary majority in the selection of the various elective officers must be permitted to govern. It is indispensable to the permanency of such form of government that the courts shall not prevent the party holding the apparent right to a particular office from filling the same and performing the duties thereof until such time as, by contest or *quo warranto,* a court of law having jurisdiction of the subject-matter and the parties shall render a judgment either confirming the incumbent in the office or ousting him therefrom. If an injunction may be granted to restrain a person declared to be entitled to the office of councilman in one of the cities of the state, then it may be granted to restrain the governor of the state, duly elected, from being inducted into office or performing the duties thereof, and on various pretexts this might be continued until his term expired, and if the power is once admitted, it may be sought against every elective officer in the state, and thus the machinery of the courts, which is de-

State, ex rel. Hunt, v. Mayor, etc., of Kearney.

signed to protect and enforce rights, will become the means by which a party not entitled to an office could retain possession of the same and keep the one elected thereto out of possession.   The law provides an adequate penalty in case one not an elector casts a ballot at any election, or for importing voters into a county other than that in which they reside, to vote therein, or for voting more than once at any election, or for placing fraudulent votes in the ballot box.   These punishments are inflicted upon those thus violating the law, because by these unauthorized votes they may defeat the will of the lawful electors and thus foist upon the people an officer who was not their choice for that office.   In other words, these acts tend to defeat the will of the majority, and may entirely do so.   If an individual may not do an act like those above named, which would tend to subvert the popular will, how much more important that the courts shall not defeat it, by preventing the person holding the proper credentials from discharging the duties of his office.   If in the case of the individual it is a crime, morally it is a still greater offense for the courts to prevent by injunction the officer having the certificate showing his election to the office, from filling the same; and a court of equity has no jurisdiction in such cases.   (*Delahanty v. Warner,* 75 Ill., 185; *Sheridan v. Colvin,* 78 Id., 246; *Dickey v. Reed,* Id., 261; *People v. Draper,* 24 Barb. [N. Y.], 265.)   The statute has provided an adequate remedy, either by contest or *quo warranto,* for the settlement of the rights of parties in election cases, and those remedies are exclusive.   The acts in question do not apply to a case like that under consideration, and the proceedings relating to the injunction are void.   It follows that the writ of *mandamus* will issue as prayed.

WRIT ALLOWED.

THE other judges concur.