Filed April 30, 1891.

---

No. 14,879.

## INGERMAN, DRAINAGE COMMISSIONER, *v.* THE STATE, EX REL. CONROY.

MANDAMUS.—*Ministerial Officer.*—*Specific Fund.*—*Distribution of.*—A ministerial officer, who has a specific fund in his hands, may be compelled by mandamus to make lawful distribution of the fund. This remedy is proper, for the reason that the officer is liable, if liable at all, for the violation of a duty imposed upon him by law.

SAME.—*Drainage.*—*Ditch Commissioner.*—*Cost of Improvement.*—*Must Pay Out of Specific Fund.*—*Demand before Suit.*—*Parties to the Action.*—Where a ditch commissioner has collected the assessments levied for the construction of a ditch, it is his duty, upon proper demand, to pay the amount

due for the construction of the ditch out of the specific fund. In a mandamus proceeding to compel him to do so, he can not successfully urge as a reason for withholding the fund that the land-owners who paid the assessments which created the fund are not parties to the action.

SAME.—*Petition for.*—*Necessity of Demand.*—*Public Officer.*—*Presumption as to.* —In such an action a demand is essential. The presumption is that an officer will do his duty upon request, and to put him in the wrong a demand is necessary. Where the duty is owing to a private person, and not to the public, a demand must be alleged with precision in the petition for a writ of mandamus.

From the Hamilton Circuit Court.

*R. R. Stephenson* and *W. R. Fertig,* for appellant.

*J. R. Gray, A. F. Shirts* and *M. Vestal,* for appellee.

ELLIOTT, J.—The petition of the relator, wherein he prays that a writ of mandamus be issued against the appellant, contains these material allegations : That Ingerman is the duly appointed and acting ditch commissioner ; that as such commissioner he entered into a contract with the relator for the construction of a public ditch ; that the relator performed his part of the work so far as the appellant permitted him to do without cessation ; that work was for a time stopped by order of the appellant, but was afterwards resumed by the appellant's order and carried to completion ; that the appellant collected assessments levied for the construction of the ditch in the sum of $3,303.10, and has disbursed $2,913.71, leaving in his hands the sum of $389.39 ; that there is due to the relator and unpaid the sum of $327.39.

We have given an outline only of the material allegations of the complaint, but the questions we feel called upon to decide require nothing more.

The first question that we are required to decide is whether the relator has mistaken his remedy. The appellant's contention is that the remedy is not the appropriate one, for the reason that mandamus will not lie where nothing more than the enforcement of a contract is sought. We fully agree that mandamus is not the appropriate remedy for the enforcement

of a contract, but we can not agree that this is simply an action to recover upon a contract. We regard the case as one of a radically different character. The case is that of a ministerial officer, with money in his hands, which it is his duty to pay to the party entitled to it under the law. The fund in the appellant's hands was derived from an assessment made for a specific purpose, and the relator, as the contractor who constructed the ditch for which the assessments were levied, has a right to compel the appellant to distribute to him the fund as the law directs. The case before us falls within the rule that a ministerial officer who has in his hands a specific fund may be compelled by mandamus to make lawful distribution of the fund. *Portland Stone-Ware Co.* v. *Tayler* (R. I.), 19 Atl. R. 1086; *Board, etc.,* v. *People, ex rel.,* 24 Ill. App. 410; *Case* v. *Wresler,* 4 Ohio St. 561; *Illinois State Hospital, etc.,* v. *Higgins,* 15 Ill. 185; *United States, ex rel.,* v. *Board, etc.,* 28 Fed. Rep. 407; *State, ex rel.,* v. *Board, etc.,* 4 Ind. 495.

In this instance there is no question of contract liability; the question is as to the duty of the appellant to distribute to the relator the specific fund derived from the assessments levied to pay for the construction of the public ditch. The officer has no right to the specific fund, and he is liable, if at all, because he violates his duty in withholding the specific fund from the party entitled to it. He is not liable, upon the facts stated in the petition, to an action for a breach of contract duty, but he is liable, if liable at all, because he violated a duty imposed upon him by law. Such cases as *State, ex rel.,* v. *Trustees,* 114 Ind. 389, are not relevant to the point here in dispute, since the liability of the appellant is not upon contract, but his liability arises out of a failure to distribute a specific fund in his hands as the law requires.

Confessing, as the appellant does by his demurrer, that he has the specific fund in his hands, and that the relator is entitled to it under the law, he can not successfully urge as a reason for withholding the fund, that the land-owners who

paid the assessments which created the fund are not parties to the action. He has the fund—the assessments have been paid—and it is his duty, upon proper demand, to pay the relator the money due him out of the specific fund. There is no merit in his contention that the land-owners should be parties, for nothing remains for him to do except to make proper distribution of the specific fund realized from the assessments.

There is a fatal defect in the petition and alternative writ. No demand is shown, and in such a case as this a demand is essential. The presumption is that an officer will do his duty upon request, and to put him in the wrong a demand is essential. *Jackson School Tp.* v. *Farlow,* 75 Ind. 118. A claimant of a fund can not maintain such an action as this without first demanding payment of his claim. The authorities are well agreed that where the duty is owing to a private person, and not to the public, a demand must be alleged with precision in the petition for a writ of such an extraordinary character as that invoked by the relator. *State, ex rel.,* v. *Slick,* 86 Ind. 501; *Oroville, etc., R. R. Co.* v. *Supervisors, etc.,* 37 Cal. 354; *Board, etc.,* v. *Arrghi,* 51 Miss. 667; *State, ex rel.,* v. *Shaack,* 28 Minn. 358; *State, ex rel.,* v. *Davis,* 17 Minn. 429; *Lee County* v. *State, ex rel.,* 36 Ark. 276. Many cases are cited in 14 Am. and Eng. Encyc. of law, p. 106.

Judgment reversed.

Filed May 1, 1891.