GEORGE W. HONEY v. E. J. DAVIS ET ALS.

1. Pending an appeal involving the right to the office of State Treasurer, where neither party is in full possession of the office, safes and public money, that party in whose favor the judgment of the District Court has been pronounced must be regarded as *pro tempore* the Treasurer of the State.

2. When both parties are before the Supreme Court on return to *scire facias* sued out by one of the parties against the other, on a charge of contempt, this court has power to make such order as may be necessary to place the Treasurer *pro tempore* in full possession of the office.

George W. Honey, on the eighteenth day of July, 1872, filed in this court his petition, under oath, against B. Graham, E. J. Davis *et als.*, praying for a *scire facias* to the parties named, commanding them to appear and show cause why they should not be held in contempt of this court. Petitioner alleged that on the sixth of July, 1872, a judgment was rendered in the District Court of Travis county, in a proceeding in which G. W. Honey was plaintiff, and E. J. Davis *et als.* were defendants, which was made a part of his petition. That judgment, among other things, declared, "that the plaintiff, George W. Honey, is not the Treasurer of the State of Texas; but, on the contrary, that on the twenty-seventh day of May, A. D. 1872, the defendant, B. Graham, became, has since continued to be, and is, the Treasurer of the State of Texas." The judgment provided, "that in case the said plaintiff shall take a *non-suspensive* appeal, and shall first deliver to said B. Graham all the keys, together with all the secrets of the combinations of the locks of the safes and vaults of the Treasury of the State of Texas, which are the property of said State, and should rightfully be in the exclusive possession and control of said B. Graham, as the Treasurer thereof; that upon its being proven by said B. Graham, to the satisfaction of the clerk of this court, that said plaintiff has so done, he shall be permitted to take and perfect a *non-suspensive* appeal, upon his executing a bond with securities, to be approved by said clerk, in double the amount of the costs, etc. But if said plaintiff shall desire to take a suspensive appeal, and without delivering up said keys, etc., then and in that event the bond to be given by him is fixed in double the amount of the funds in gold and in United States legal tender notes of the State, proved by the commissioner in this cause to be in the Treasury; and double the amount of the two checks of E. Bremond, to-

gether with double the value of the keys, safes, vaults and combinations aforesaid, to be ascertained on proof, to the satisfaction of the clerk ; and in case he fail to execute said bond, he be not allowed a suspensive appeal,'' etc.

The petition alleged that within twenty days after the judgment was rendered, Honey, on the seventeenth of July, 1872, filed with the clerk a suspensive appeal bond in the sum of $450,000, the amount fixed by the clerk, and which was approved. That he has perfected his appeal, and has used due diligence to have the transcript prepared. That said suit was brought to recover possession of the office of Treasurer, and of the safes, vaults, etc., pertaining to the office, which he alleged had been illegally seized by E. J. Davis, Governor of Texas, and by him held by military force. That petitioner claimed said office by election of the people, and B. Graham by appointment from the Governor. That since executing his appeal bond the said Graham and others, acting under authority of E. J. Davis, Governor, have gone into the Treasury building, seized the property belonging to the Treasury, and were attempting by force to open the vaults and safes. That if the books, and papers, and money, belonging to the Treasury, are seized and held by the respondents, it will be impossible for plaintiff to make settlement with the Comptroller, as required by law ; and that B. Graham, E. J. Davis *et als.* are, by reason of the acts charged, in contempt of the jurisdiction of the Supreme Court ; wherefore he applied for *scire facias*, etc.

On the nineteenth of July, 1872, the respondents answered, alleging the appointment of B. Graham and his commission as Treasurer of Texas on the twenty-seventh day of May, 1872 ; that he had taken the oath and executed the official bond required by law ; that at the date of his appointment that office was vacant by the volun-

tary abandonment of it by the plaintiff; that prior to that time the plaintiff vacated the office of State Treasurer and left the State of Texas, without permission from the Legislature or the head of the executive department. That respondent Graham has been in actual possession of the State Treasury building, with its rooms, furniture, safes and vaults, since the twenty-seventh day of May, 1872. That since the judgment of the District Court declaring respondent Graham Treasurer, Honey, on the tenth day of July, 1872, executed a non-suspensive appeal bond in double the amount of costs incurred in said proceeding; that respondent afterwards applied to said Honey, under the authority of said judgment, to deliver to him the keys, together with the secrets of the combinations of the locks to the Treasury vaults and safes, which he refused to deliver.

That on the fifteenth day of July, 1872, respondent, though in possession of the office of State Treasurer, with the safes and vaults of the office, being unable to obtain access to the public funds, applied for and obtained from the Judge of the Twenty-seventh Judicial District a mandatory injunction, commanding, enjoining and restraining the said Honey from longer withholding, from the possession of respondent Graham, any of the keys to the safes and vaults of the Treasury of Texas, and from longer withholding from the knowledge of respondent the secrets of the combinations of the locks to the said safes and vaults.

The fiat of the judge required the sheriff of Travis county to make prompt return in writing, filed with the clerk, on the day of service of said writ concerning the action of said Honey, in obedience to or disregard of said writ, and concluded as follows, viz: "Should said Honey refuse or fail to obey promptly the above mandate, or should he not be found, that notice of the same may be

served on him, then the petitioner (who is hereby recognized as custodian of the Treasury of the State of Texas, and charged with performing the duties of State Treasurer, pending litigation for the office) shall take such steps, and use such means, as may be necessary to obtain access to the interior of the safes and vaults of the Treasury of the State of Texas, even to the destruction of the locks and secrets of the combinations of the same, should it be necessary. To accomplish which, if needed, he will call on the Governor of Texas for assistance."

Respondent Graham admitted that he had attempted to break the locks of the safes and vaults, to the end that the public business might be resumed; but averred that the same was done in pursuance of the order of the district judge, which Honey had refused to obey. Respondent filed with his answer a motion asking for such order from the Supreme Court as would compel Honey to comply with the fiat of the district judge.

*Hancock & West, Green & Walton,* and *Chandler, Carleton & Robertson,* for plaintiff.

No briefs on file for plaintiff.

*Wm. Alexander, Attorney-General,* for respondent.

*A. W. Terrell,* also for respondent.—This case reveals the fact that the plaintiff has for nearly three months suspended the financial affairs of the State by his refusal to deliver to the Treasurer *de facto* the keys and secrets of the combinations of the locks to the safes and vaults of the Treasury. To stop this evil the mandatory injunction was issued, which enjoined him from longer withholding from the possession of the respondent, Graham, the keys to the locks of the safes and vaults, and from longer withholding from the knowledge of Graham the secrets of the

combinations of said locks. To obey the order affirmative action was required, viz., to deliver the keys and communicate the lock combinations. The district judge had power to make the order. (Hilliard on Injunctions, p. 7; Maxborough v. Bower, 7 Beav., 127.)

Injunctions are known as mandatory or preventive according as they command defendant to do or refrain from doing a particular thing. The power of a court of equity to issue a mandatory injunction, though once doubted, is no longer questioned. (High on Injunction, p. 3, edition of 1873; Hilliard on Injunction, p. 7; Garretson v. Cole, 1 Har. & J., 370; Robinson v. Byson, 1 Bro. C. C., 588; Hevery v. Smith, 1 Kay & J., 392; Martyr v. Lawrence, 2 De Gex, J. & S., 261.) And they may be granted on interlocutory applications. (Robinson v. Byson, 1 Bro. C. C., 588; Hervey v. Smith, 1 Kay & J., 392.)

Mr. High, in his work on Injunctions, p. 3, says: "It is to be observed, however, that courts of equity rarely interfere to compel the doing of a positive act, but the same result is obtained by framing the injunction in an indirect form and prohibiting the defendant from doing the reverse of what he is desired to do." (See Lane v. Newdigate, 10 Ves., 192; Maxborough v. Bower, 7 Beav., 127.)

Honey elected on the tenth day of July to prosecute a non-suspensive appeal in the case, involving the right to the office, and gave his appeal bond covering the costs only. On the thirteenth of July the injunction issued, and three days afterwards he attempted, in open contempt of the District Court, to evade its mandate by executing a larger bond which might operate as a *supersedeas*. Since he has invoked the power of this court to punish for contempt regarding a matter concerning which he himself has been acting in defiance of the order of the district judge, we ask that this court will compel an ob-

servance of that order. The Treasury of a State cannot be closed because two of its citizens dispute about who shall be its custodian. The respondent Graham being recognized by the Executive, and adjudged by the District Court to be Treasurer, and being in actual possession of the office, must be regarded as Treasurer for the present, whatever may be the result of the litigation involving the right to the office.

*Sheeks & Sneed*, also for respondent.

EVANS, C. J.—The petition represents that on the sixth of July, 1872, judgment was rendered in a certain cause pending at the time in said court, in which petitioner was the plaintiff, styled G. W. Honey v. E. J. Davis *et als.*

It is alleged that the suit was brought to recover the office of Treasurer, and the safes, vaults, books and papers pertaining to said office.

That judgment was rendered against him, and in favor of B. Graham, from which judgment he had taken a suspensive appeal, and given bond, etc.

It is further alleged that said safes, vaults, books, papers, etc., had been illegally seized by E. J. Davis, by military force.

On this petition a rule was entered against the parties named, to show cause why they should not be held in contempt of this court, to which rule the respondents answer substantially: That B. Graham is the Treasurer of the State; that as such Treasurer, it is his duty to administer the office, and discharge all the duties appertaining thereto; that there is no judgment, order or decree of any court suspending him from the functions of his said office; that as Treasurer he is entitled to the custody of the keys, together with all the secrets of the combinations of the locks, safes and vaults of the Treasury of the State;

and that he has been and is now obstructed in the proper discharge of his duties as Treasurer, to the irreparable injury to the public service, by reason whereof he prays not only to be dismissed, but for the peremptory order of this court on said petitioner Honey to deliver up to him as Treasurer the keys, and secrets of the combinations of the locks; safes and vaults of the Treasury, to the end that he may be enabled to discharge properly the duties of said office during the pendency of the appeal.

In this answer the respondent Graham refers to a motion heretofore made by himself and others against George W. Honey, asking for a peremptory process against Honey to deliver up the keys, and secrets of the combinations, etc., to the said Graham, etc.

On this motion we have not as yet been able to determine the question of jurisdiction, but the motion of the petitioner, Honey, against E. J. Davis *et al.*, brings the questions involved in both motions within our jurisdiction.

We now have before us, upon the records and by the facts declared and admitted by counsel, enough to enable us to grant such order as the rights of the parties and the grave interests to them personally and to the public belonging requires.

Disavowing any purpose to consider any of the questions raised by the appeal, in this opinion, we find the judgment of the District Court has declared B. Graham Treasurer of the State of Texas, and as such *pro tempore* and for the purposes of this decision we must regard him.

As the Treasurer of the State, no man can be permitted, upon any pretense whatever, to hinder him in the due discharge of his official duties; and, as such Treasurer, he is entitled to the custody of the keys, secrets of the combinations of the locks, safes and vaults of the Treasury;

and every such attempt to hinder or obstruct him in the due discharge of his official duties will be regarded by this court as an unauthorized interference with the due administration of the government, against which all courts of competent jurisdiction are bound to grant relief.

The relief now invoked we believe to be within our jurisdiction, and in the solemn discharge of our official duties we do order, adjudge and decree, that the rule, issued by this court against E. J. Davis and others, be dismissed, with costs to the respondents, and that George W. Honey do, by the hour of 5 P. M. this day, deliver to B. Graham, Treasurer *pro tem.* of the State of Texas, all the keys and secrets of the combinations of the locks of the safes and vaults of the Treasury, and that he no longer hinder or delay the said B. Graham from the due execution of the office of Treasurer of the State of Texas. That in default of due compliance with this order, the said B. Graham do proceed to open the vaults and safes of the office of the State Treasury by any available means within his power, having due regard to the preservation of the public property.

                              ORDERED ACCORDINGLY.