JAYNE v. DRORBAUGH ET AL.

| | |
|---|---|
| 63 | 711 |
| 101 | 124 |
| 63 | 711 |
| 102 | 611 |
| 63 | 711 |
| 104 | 374 |
| 105 | 569 |
| 63 | 711 |
| 114 | 26 |
| 63 | 711 |
| 117 | 155 |
| 63 | 711 |
| 120 | 715 |
| 122 | 757 |
| 63 | 711 |
| 125 | 460 |
| 63 | 711 |
| 131 | 289 |

1. **Quo Warranto:** APPEAL TO SUPREME COURT: SUPERSEDEAS BOND: EFFECT OF: ACTION UPON. Where upon *quo warranto* there is judgment that the relator is entitled to the office, and that the defendant be ousted and pay the costs of the proceedings; and he appeals to the supreme court, and files a *supersedeas* bond in the form provided by law, *held* that from such judgment an appeal will lie, and that the *supersedeas* bond will stay proceedings for the enforcement of the judgment for costs, but does not defer the relator's right to take possession of the office, under the provisions of chapter 6, title 20, of the Code, no process being required to execute the judgment in that respect, and that an action will not lie upon such bond to recover the emoluments of the office pending the appeal.

2. **Conspiracy:** WHEN ACTIONABLE. A conspiracy cannot be made the subject of a civil action, unless something is done which, without the conspiracy, would give a right of action.

3. **Elections:** CANVASSING VOTES: REMEDY AGAINST OFFICERS REFUSING. The county supervisors may be compelled by *mandamus* to perform their duties as a canvassing board, but it is not believed that an action for damages will lie for the non-performance of such duties.

*Appeal from Johnson District Court.*

WEDNESDAY, DECEMBER 5, 1883.

ACTION at law, judgment for the defendants, and plaintiff appeals.

*Milton Remley,* for appellant.

*Boal & Jackson* and *S. H. Fairall,* for appellees.

SEEVERS, J.—The petition is as follows:

"The plaintiff states that at the November election, 1880, he was duly elected to the office of supervisor of said Johnson county, and qualified as such officer, and was entitled to discharge the duties of said office, and to receive the compensation pertaining to said office; that said defendant, Drorbaugh, wrongfully obtruded himself into said office to the

exclusion of said plaintiff; that said plaintiff brought his action against said Drorbaugh to recover the possession of said office, and such proceedings were had in said action that judgment was rendered therein, on the fifth day of September, 1881, in the district court of Iowa county, state of Iowa, finding said Drorbaugh guilty of unlawfully holding said office, and that he be ousted therefrom, and in favor of said plaintiff, and that said Drorbaugh pay the costs of said suit; that said defendant, Drorbaugh, appealed from said judgment to the supreme court, and filed his *supersedeas* bond, with the other defendants herein as sureties, a copy of which is hereto attached, marked "Exhibit A," and made a part hereof; that by reason of said bond said plaintiff was prevented from exercising the functions of said office and receiving the compensation belonging thereto; that on the fifth day of April, 1882, the supreme court of Iowa affirmed the said judgment of said district court, but, under the rules of said court, no *procedendo* could issue for thirty days, and no writ could be procured on said judgment prior to the expiration of thirty days; that the said bond, among other conditions, provided "that said Drorbaugh will pay all costs and damages adjudged against him, will satisfy and perform the judgment or order appealed from in case it shall be affirmed, *    *    *    and all rent, hire, or damage to the property during the pendency of the appeal, out of the possession of which the appellee is kept by reason of the appeal." But the plaintiff avers that said defendant, Drorbaugh, has not satisfied said judgment, which was affirmed, and has not satisfied the said plaintiff for the rent, hire or damages to the property out of which said plaintiff was kept by reason of said appeal; but, on the contrary, the said defendant, Drorbaugh, continued to unlawfully hold said office, and receive the compensation pertaining thereto, from the sixth day of September, 1881, to the present time, in the sum of $280.35, which sum, together with the costs of said suit, amounting to $25, said defendant has wholly failed to pay in accordance

with the conditions of said bond.. Wherefore the plaintiff demands judgment in the sum of $305.35.

"*Second.* The said plaintiff, for further cause of action, avers that he was duly elected supervisor of Johnson county, at the November election, 1880, to fill the vacancy occasioned by the removal of one Levi Kiser from the state, and duly took the required oath of office; that said defendants unlawfully, maliciously, and with intent to injure the said plaintiff, conspired and confederated together and with one John Doerres, and others whose names are unknown to the said plaintiff, to unlawfully prevent the said plaintiff from exercising the functions of said office, and wrongfully deprive the said plaintiff of the pay and emoluments arising therefrom; that said Bruce Patterson, James B. Strong and Henry Sullivan were, in 1880 and 1881, members of the board of supervisors, and in pursuance of said conspiracy they wickedly and corruptly refused to canvass the votes cast for the said plaintiff, or to give him his certificate of election, or to permit the said plaintiff to enter upon the discharge of the said office; that the said plaintiff was compelled to bring an action against the said supervisors to compel them to perform their said duty, and, pending said action, in pursuance of said conspiracy, said defendants procured the pretended appointment of their co-conspirator, said Drorbaugh, to said office, and permitted him to discharge the duties thereof; that the said plaintiff was compelled to bring an action of *quo warranto*, in order to protect his rights, and, in pursuance of said conspiracy, the said defendants, when the said case was reached for trial, procured a change of venue to Iowa county, in order to secure delay, and vexatiously to put the said plaintiff to expense and trouble in attending court at Marengo; and, when said cause was tried and judgment was rendered against Drorbaugh, to still further harass the said plaintiff and put him to further trouble and expense, said defendants maliciously caused an appeal to be taken, and filed the *supersedeas* bond, a copy of which is hereto attached, marked "Exhibit

A;" that prior to the filing of said bond the said plaintiff procured a writ of ouster and served the same on the defendant, Drorbaugh, but the said defendants refused to recognize the said plaintiff as a member of said board, and prevented him from discharging the duties of said office; that the plaintiff was obliged to bring a further action against said members of the board to compel them to recognize the said plaintiff as a member of said board, and to permit him to act thereon in the discharge of his office, and judgment was rendered against them, ordering a writ of *mandamus* accordingly, but the said defendants, in pursuance of said conspiracy, filed a *supersedeas* bond, and, to put the plaintiff to still further expense and delay, appealed said cause to the supreme court, which appeal was not taken in good faith, but for the purpose of delay, and to vexatiously harass the said plaintiff. The plaintiff avers that the said defendants well knew the said plaintiff was legally elected to said office, and was entitled to the compensation thereof, and they maliciously, and with intent to deprive the plaintiff of the benefits of said office, performed each and every act aforesaid in pursuance of said conspiracy, and the plaintiff, by reason of the wrongful acts aforesaid, was deprived of the benefits of said office from November 10, 1880, until May 3, 1882, to his great damage, in the sum of $500; and, to protect his rights and secure the possession of said office, of which the defendants wrongfully and maliciously deprived him, and he was put to great expense." Wherefore the plaintiff asked judgment.

The condition of the bond referred to in the petition is as follows:

"Now if the said Joseph Drorbaugh shall pay all costs and damages that shall be adjudged against him, and will satisfy and perform the judgment or order appealed from, in case it shall be affirmed, and any judgment or order which the supreme court may render or order to be rendered by the district court, not exceeding the amount or value of the original judgment or order, and all rents, or hire or damages to

the property during the pendency of the appeal, out of the possession of which the appellee is kept by reason of the appeal, and all costs and charges that may be awarded thereon by said supreme court, then this obligation to be void; otherwise to be and remain in full force."

The defendants filed a motion to strike out of the first count the following: "All allegations relating to rent, hire, and damages to the property, and claim for compensation by reason of the plaintiff's having been prevented from exercising the functions of the office of supervisor, for the reason that said allegations are redundant and irrelevant." This motion was sustained.

To the second count there was a demurrer, on the ground that the action will not lie on the acts pleaded as a conspiracy, and the law does not afford the plaintiff redress in damages for such a prosecution of civil rights as is alleged as the basis of the action; also because the matters and things alleged are not the subject of damages. The demurrer was sustained.

I. As to the motion to strike, the questions presented we understand to be, *First*, whether the judgment was superseded by the appeal and bond sued on; and, *Second*, whether there can be a recovery on the bond for the compensation the plaintiff would have been entitled to if he had not been deprived of the office by the acts of the defendants. The action in which the appeal was taken was a special proceeding, instituted under chapter 6 of title 20 of the Code, "to test official and corporate rights." The judgment in that action or proceeding was in favor of the plaintiff or person claiming the office, and the statute provides: "If judgment be rendered in favor of such claimant, he shall proceed to exercise the functions of the office, after he has qualified as required by law." Code, § 3353.

1. QUO WARRANTO: appeal to supreme court: supersedeas bond: effect of: action on.

No process was required in order to fully execute the judgment, and therefore no process was stayed or superseded

by the appeal. The judgment executed itself, and the plaintiff should have taken possession of the office, and he would have been entitled to the compensation attached thereto. This the plaintiff did not do, nor did he demand or offer to take possession of the office after the judgment was rendered that he was entitled thereto. His position seems to be that the appeal and bond superseded the judgment, and prevented it from being executed, and that he was not required to go through the useless form of demanding or taking possession of the office. That an appeal will lie from the judgment to this court we think must be conceded. The question, then, is, can the judgment be superseded, in so far as the possesion of the office is concerned, pending the determination of the appeal. That it can be done as to the costs, the collection of which must be enforced by process, will be conceded.

When it has been determined by the district or circuit court, in a proper proceeding, that a person is entitled to the possession of a civil office to which he claims to have been elected by the people, an appeal to this court should not have the effect to deprive such person of such office, pending the appeal, unless the statute in terms so provides. It is provided by statute that "an appeal shall not stay proceedings on the judgment," unless a bond is filed, conditioned as provided by law. Code, § 3186. The bond sued on is thus conditioned. Upon looking at its provisions, we find that it does not in terms secure the payment of the compensation to which he would be entitled, pending the appeal, in case the judgment is affirmed. Nor does the bond refer to or supersede the judgment, so far as taking possession of the office is concerned. We think, if the intent was that the bond and appeal should have the effect to prevent the plaintiff from taking possession of the office, the statute in fixing the terms and conditions of the appeal bond would in clear and distinct terms have contained provisions to that effect. It is obvious, however, that it does not do so. The bond provides that the obligors will "pay all costs and damages that

shall be adjudged against them" in the supreme court. It is probable that this includes all costs and damages adjudged against the appellant in the lower court. But neither the district nor supreme court has adjudged that the plaintiff was entitled to the official compensation attached by law to the office. The right to compensation depends upon the performance of the duties, or at least there must be possession of the office in fact, as distinguished from the mere right of possession. The sureties on the bond cannot be made liable for anything the plaintiff was not entitled to under the judgment, and of which he was deprived by the appeal. The bond does not provide that the obligors will pay all damages which the plaintiff would sustain by being deprived of the office pending the appeal. As the first count states a cause of action independent of the claim to the official compensation, a demurrer thereto would not lie; and the only remedy of the defendants was to move to strike the allegation which did not constitute a cause of action. The court did not err in sustaining the motion.

II. It is said, the demurrer to the second count is not sufficiently specific, but we think it is. It is not alleged that the 2. CONSPI-RACY: when actionable. defendants conspired together to do any criminal act. The rule we understand to be that a conspiracy cannot be made the subject of a civil action, unless something is done which, without the conspiracy, would give a right of action. Cooley on Torts, 125. Certain duties are imposed by law on the members of the board of supervisors in relation to canvassing votes cast at elections held in pursuance of law. Performance of such duties will be enforced 3. ELECTIONS: canvassing votes: remedy against officers refusing. by *mandamus*, but we do not believe an action will lie to recover damages by reason of the non-performance of such duties. The taking the appeal, and other acts charged, are not criminal, nor are they illegal. The only illegality charged is the conspiracy; but this does not constitute a basis for the recovery of damages, unless the acts, independent of the conspiracy, were illegal. AFFIRMED.