## FYLPAA v. BROWN COUNTY.

1. In order to protect the public, and prevent a failure of justice, the apparently official acts of one having color of authority to hold and perform the duties of a public office are valid in respect to the rights of interested third persons, but void so far as they may be of exclusive interest or ultimate benefit to him.

2. The right to an office being the only issue determined by a statutory contest proceeding the judgment is self executing, except as to costs, and the right of the successful party to perform the duties of the office, and receive the emoluments thereof, is neither stayed, obstructed, nor suspended by an appeal therefrom.

3. The payment by a board of county commissioners of salary to one who wrongfully retains a public office, after it has been judicially determined that another is entitled thereto, with full knowledge of the existence of such judgment, and that the duly elected officer has qualified and demanded the office, and has attempted to restrain such board from so doing, is not sufficient to defeat an action against the county by the de jure officer, to recover the compensation allowed by law for the time he was thus excluded.

(Syllabus by the Court.   Opinion filed April 20, 1895.)

Appeal from circuit court, Brown county.   Hon. A. W. CAMPBELL, Judge.

Action against Brown county to recover compensation for services as county treasurer.   Defendant had judgment and plaintiff appeals.   Reversed.

The facts are stated in the opinion.

*H. H. Potter*, for appellant.

The payment of money as salary to a *de facto* officer, who is not legally entitled to claim and receive it, is no defense to an action by the party who is in law entitled to it.   Andrews v. Portland, 79 Me. 484; Dorsey v. Smith, 28 Cal. 21; Savage v. Packard, 14 Leo 46; Memphis v. Woodward, 12 Heisk 499.   A *de facto* officer is not entitled to receive the salary of the office. McClue v. Wappello, 56 Ia. 698; Mathews v. Copish, 53 Miss. 715; Doland v. Mayor, 68 N. Y. 274.   If he receives such salary he may be compelled to account for them.   Douglass v. State, 31 Ind. 429; Mayfield v. Moore, 53 Ill. 428; Auditor v. Benoit, 20 Mich. 176; Rull v. Tait, 38 Kan. 765; Beer v. Gorrell, 30 W. Va. 95; Hunter v. Chandler, 45 Mo. 452.

*Frank A. Luse* and *Geo. W. Jenkins*, for respondent.

Compensation having been paid to an officer *de facto* in possession of an office and carrying on its duties cannot be recovered from the municipality again.   Comm. v. Anderson, 57 Am.

Rep. 171; Smith v. Mayor, 37 N. Y. 518; Parker v. Supervisor, 4 Minn. 59; State v. Greeley, 54 N. W. 521; Whoteley v. Cor-ington, 11 Bush 18; Queen v. Cambridge, 12 Ad. & El.

FULLER, J. Plaintiff, Fylpaa, and Frank R. Raymond were opposing candidates for the office of county treasurer, at the general election held in November, 1890. The county canvassing board issued a certificate of election to Raymond, and plaintiff instituted in the circuit court a contest proceeding, which was decided in his favor on the 5th day of January, 1891, and in which it was found, ordered, and decreed by the court that plaintiff, was the duly-elected treasurer for a term of two years, beginning in January, 1891, and that Raymond be enjoined from claiming or holding said office, or from in anyway interfering with the same, or with the duties or privileges thereof; and it was further adjudged that plaintiff have and recover from defendant the costs of the action, to be taxed by the clerk of the circuit court. The board of county commissioners having approved Raymond's bond, he took possession of the office, and assumed the duties of county treasurer, on the 5th day of January, about two hours prior to the entry of judgment in plaintiff's favor, and continued to hold possession and perform the duties of said office until the 1st day of the following August, at which time plaintiff took possession thereof, and presumably continued to act and perform the duties of county treasurer during the remainder of the term for which he had been elected. During the time Raymond was acting as treasurer, the board of county commissioners audited and paid to him the sum of $1,000 as the county treasurer's salary or compensation for the period of six months, and plaintiff, to recover said amount from the county, after demanding payment, instituted this suit, and now prosecutes the same on appeal from a judgment for the defendant obtained in the circuit court. From the undisputed evidence the court found, as a matter of fact, that the board of county commissioners were fully aware of the

rendition of the judgment in plaintiff's favor on the 5th day of January, 1891, and had actual knowledge of the contents thereof, at all times prior to the payment of the $1,000 to Frank W. Raymond, and that plaintiff had taken the oath of office, and presented for the approval of said board on the 6th day of January, 1891, a good and sufficient official bond, the approval of which was refused for the sole reason that said board had already approved the bond of said Frank W. Raymond; that on the 19th day of February following plaintiff presented to said board of county commissioners another bond of like character, and the same was duly approved. The court further found "that the plaintiff was at all times after the rendition of said judgment on the 5th day of January, 1891, ready and willing to enter upon the duties of said office, and on several occasions, during the months of March and May, 1891, did present himself at the said place where the said Raymond was exercising the duties of said office, and where he had possession of said books and records, and that plaintiff did on each of said occasions demand of said Raymond the possession of said office, which said demand was on each of said occasions refused by said Raymond." By stipulation of the parties, an appeal to this court, immediately taken from the judgment for plaintiff in the action against Raymond to contest the election, was dismissed on the 20th day of April, 1891; and upon the 20th day of June following the remittitur went down, and was filed with the clerk of the circuit court; and counsel for respondent urge that all proceedings in circuit court were stayed during the pendency of said appeal, and that the board of county commissioners, having no knowledge of the dismissal thereof, were fully justified in paying the salary to Raymond, who, being a *de facto* officer, was entitled to the office and emoluments during the pendency of the case in this court. Under section 1497 of the Compiled Laws, in order to render an appeal from a final judgment in a contest proceeding effectual for any purpose, the undertaking on appeal must be in a sum to be fixed and approved by the

judge, not less than $500, and the statutes of this state nowhere contain a provision by which the execution of a judgment of this character may be stayed pending an appeal; and it does not appear from the conditions or recitals of the under-taking before us, which is in the sum of 500, that any attempt was made to stay the execution of judgment.  No provision of Chapter 16 of the Compiled Laws authorizes a stay of execu-tion, unless the judgment appealed from "direct the payment of money"; "the assignment or delivery of documents or per-sonal property"; "the execution of a conveyance or other in-strument"; "the sale or delivery of possession of real prop-erty"; "the sale of mortgaged premises"; "the abatement or restraint of the continuance of a nuisance"; or unless "the judgment appealed from direct the doing of any particular act or thing, and no express provision is made by the statute in re-gard to the undertaking to be given on appeal therefrom"; and in such event section 5226 provides that the bond shall be "to the effect that the appellant will pay all damages which the op-posite party may have sustained by not doing the particular act or thing, directed to be done by the judgment appealed from."

Which of these two candidates was elected to the office of county treasurer, on the 4th day of November, 1890, and en-titled to hold and discharge the duties thereof for a term of two years, was the only question before the court, and the only adjudicated.  A final judgment of a court of general and competent jurisdiction is always presumed to be right, and, when the only question involved in a suit and determined by the court is the right to hold an office, its judgment is self exe-cuting, except so far as the question of costs is concerned, and its force and effect is neither stayed, suspended nor obstructed by an appeal therefrom.  Plaintiff was entitled to hold the office, perform the duties, and receive the emoluments thereof as soon as Raymond's certificate issued by the board of county commissioners was nullified by the judgment, and ceased to be

*prima facie* evidence of an election, and it immediately became his duty to turn over the office on demand, as soon as plaintiff had taken the oath of office and filed the bond required by statute. Jayne v. Drorbaugh, 63 Iowa 711, 17 N. W. 433; Allen v. Robinson, 17 Minn. 113 (Gill. 90); Honey v. Davis, 38 Tex. 63; Paine, Elect. 852. In order to protect the public and prevent a failure of justice, the apparently official acts of one having color of authority are valid in respect to the rights of interested third persons, but void so far as they may be of exclusive interest or ultimate benefit to himself. Conceding Raymond to be, for the protection of third parties only, the *de facto* treasurer after he had become an adjudged usurper, it could scarcely be claimed that he could successfully maintain an action to recover money set apart and allowed by law as compensation for the *de jure* officer. If he was entitled to the emoluments while wrongfully discharging the duties of the office pending an appeal from the judgment, and after the *de jure* officer had qualified and demanded the office, the will of the majority, expressed by their ballots, may be postponed or defeated by an appeal, taken only for the purpose of delay. The immutable principles of justice admit of no such sacrifice to the illogical considerations of public policy, upon which are based the conclusion that a *de jure* officer cannot recover from the county under circumstances like the present, because its disbursing officers have voluntarily paid his salary to one adjudged not to be entitled to the office; and upon the ground of sound public policy we decline to follow cases which seem to hold that the right to compensation is always an incident to mere occupancy, and that payment by a municipality to the one in colorable possession always satisfies its obligation to pay a *de jure* officer. The board of county commissioners was fully advised of the judgment in plaintiff's favor, and well knew that he claimed his salary for the entire term for which he was elected, although a defeated candidate was in possession of the office. In fact he made an effort to restrain them, by an action in the circuit

court, from paying anything to Raymond on account of his services rendered in the office of county treasurer, and the fact that defendant was successful in that action is not a material circumstance to be considered in this suit. In the case of the Wayne Auditors v. Benoit, 20 Mich. 176, relied on by respondent, Judge COOLEY wrote a vigorous dissenting opinion, and Christiancy, J., in concurring in the result reached by the majority of the court, said, in substance, that he would have concurred in the dissenting opinion, had it affirmatively and satisfactorily appeared that the auditors had voluntarily paid the salary to the *de facto* officer, after the rights of the *de jure* officer had been determined by the court. The question is original in this court, and, without attempting the desparing task of analyzing with a view of reconciling the numerous conflicting cases, we are disposed to hold that one who has been adjudged to be a legally elected public officer, and has qualified and demanded the possession of his office, may recover salary from the municipality, notwithstanding the same has been paid to one in possession of the office, under circumstances which make his acts valid as to the public. In further support of the conclusion which we believe to be consistent with sound legal principles, and conducive to the welfare and tranquility of society under our form of government, we cite the following cases: Andrews v. Portland, 79 Me. 484, 10 Atl. 458; Mayor, etc. of Memphis v. Woodward, 12 Heisk. 499; McVeany v. Mayor, etc., 80 N. Y. 185; People v. Smyth, 28 Cal. 21. It follows, therefore, without further discussion, that the learned court erred in deciding that defendant was not liable, and the judgment appealed from is reversed, and a new trial is awarded.