[No. 1563.]

W. H. SWEENEY, RESPONDENT, *v.* M. KARSKY, ET AL., APPELLANTS.

25  197<br>
25  311

CIVIL PRACTICE—ELECTION CONTESTS. New trials and appeals in contested election cases are regulated by the civil practice act.

IDEM—IDEM—UNDERTAKING. The stay of execution of judgment in contested election cases, not being specifically provided· for, comes under Gen. Stats. 3367, the last clause of which provides that in all cases not mentioned the amount of the undertaking on appeal to stay execution of the judgment or order shall be fixed by the court; and an undertaking in an election contest reciting that, in so far as it relates to possession of said office, the sureties named therein undertake and acknowledge themselves bound unto the contestor in a certain sum (being the amount fixed by the judge), conditioned that, if said judgment be affirmed or the appeal dismissed, said contestee will pay the value of the use of said office from the time of the appeal until the delivery of possession to the contestor, not exceeding the said sum, and that the judgment was rendered in January, 1897, declaring that the contestor was duly elected to office on November 3, 1897, is sufficient.

UNDERTAKING—CLERICAL ERROR. The recital of said undertaking to the effect that the judgment of the district court was rendered in January, 1897, adjudging that contestor was duly elected to office on November 3, 1897, does not render it void, as the law fixing the time for holding the election, the recitals in the record, and the undertaking conclusively show that the date of the election stated was a mere clerical error.

CONSTRUCTION OF OBVIOUS ERRORS. It is a general rule of construction that certain obvious forms of mistaken expression, such as clerical, verbal or grammatical errors, can be set right without any special remedies, by ordinary rules of construction.

APPEAL from the Third Judicial District Court, Eureka County; *A. L. Fitzgerald,* Judge.

Action by W. H. Sweeney against M. Karsky and others on an undertaking on appeal to stay execution of a judgment rendered in an election contest. From a judgment for plaintiff and an order denying a motion for new trial, defendants appeal. Affirmed.

The facts sufficiently appear in the opinion.

*Wren & Julien,* for Appellants:

I. This is an action on an undertaking on appeal. The sureties can only be held to be liable for what they have undertaken to be liable for, if they are liable at all; in the third subdivision of the undertaking the sureties undertake to pay the value of the use and possession of said office from the time of the appeal until the delivery of the possession, should delivery be finally adjudged. The inquiry, therefore, in an action against the sureties must be limited to the ascertainment of the value and use of the occupation of the office for the time specified, provided the bond is not invalid either in whole or in part. The third subdivision of the undertaking is without authority of law and is therefore invalid. (Gen. Stats. 1567, 3364–3369; *Central Lumber & M. Co.* v. *Center,* 107 Cal. 193, and authorities therein cited.)

II. The complaint alleges that a judgment was rendered in favor of *Sweeney* v. *Hjul,* adjudging that Sweeney was elected sheriff of Eureka county at the election held on the 3d day of November, 1896. The undertaking recites that a judgment was rendered in 1897, adjudging that Sweeney was elected sheriff of Eureka county on the 3d day of November, 1897. For this reason the entire bond is invalid. Counsel for respondent has cited a long list of authorities really having no bearing on this case. The authorities are upon points not contested. If this suit was against Hjul instead of against the sureties upon the undertaking one of the authorities cited by the gentleman is directly in point against his

contention, viz.: 5 Am. & Eng. Ency. of Law, p. 111, text and foot-notes to that page. It will be seen by a reference to foot-note 1, that there is a great array of authorities cited in support of the text, but, as the action is against the sureties of Hjul upon the appeal bond, we must look to the bond itself to ascertain their liability.

*R. M. Clarke* and *Peter Breen*, for Respondent:

I.   The undertaking upon which this action was brought was given, among other things, for the purpose of staying the execution of a judgment, and so operated. It excluded the plaintiff from the exercise of the functions of the office of sheriff and deprived him of the salary, fees and emoluments of the office pending the appeal, from the 15th day of February to and including the 26th day of June, 1897. During this appeal, Hjul, against whom this judgment was rendered, continued to act as sheriff and received and appropriated to his own use the salary, fees and emoluments of the office; and the plaintiff, who was sheriff by the judgment of the court, was excluded from the office, and did not have the salary, fees and emoluments belonging thereto. The bond sued upon is in the penal sum of $1,000, and plaintiff's demand was for the sum of $741 70. He received judgment for the sum of $____. It will not be questioned that Hjul was simply an officer *de facto* during all of the time embraced in the action, and as such was entitled to no salary or compensation for his services; such has been the settled rule in this state from an early period. (*Meagher* v. *County of Storey,* 5 Nev. 244, 251.)

II.   The salary and emoluments annexed to a public office in a municipality are incident to the title to the office and not to its exercise or occupation. A party entitled to the office is therefore held to be entitled to such salary and emoluments, although he has never actually discharged the duties of the office. (5 Am. & Eng. Ency. Law, 109; *People* v. *Tierman,* 8 Abb. Pr. (N. Y.) 359; *People* v. *Hopson,* 1 Denis, 578; *Dolan* v. *Mayor,* 80 N. Y. 192; *Memphis* v. *Woodward,* 12 Heisk. (Tenn.) 499; *People* v. *Smith,* 28 Cal. 21; *Carroll* v. *Liebenthaler,* 37 Cal. 195; *Glascock* v. *Lyons,* 20 Ind. 3; *Comstock* v. *Grand Rapids,* 40 Mich. 399; *Stadler* v. *Detroit,*

13 Mich. 347; *Philadelphia* v. *Given*, 60 Pa. St. 136; *Beard* v. *City of Decatur* (Tex.), 7 Am. & Eng. Corp. Cas. 145.)

III. "And when an officer duly elected is kept out of office by one to whom the returning board has given a certificate of election, he is not at fault for not qualifying before he has obtained judgment of ouster, as such an attempt might be nugatory. He is therefore entitled to recover damages for the whole official term, from the beginning until he obtains possession of the office. He is entitled to recover for that period the entire official salary, without any deduction for the services of the incumbent or for what he may have earned himself while ousted." (*People* v. *Miller*, 24 Mich. 458; *Burk* v. *Eagar*, 67 Cal. 182–184.)

IV. The undertaking in question subserved all of the purposes for which it was given. "It was admitted that the plaintiff had been finally adjudged by the district and supreme courts to be the sheriff of said Eureka county, and that the undertaking on appeal to the supreme court had been given by the defendants Karsky and McCormack on appeal from the district court awarding the office to plaintiff and ousting said Hjul therefrom, and that under the undertaking on appeal the said Hjul had continued to hold the said office of sheriff of Eureka county pending the appeal, and to receive, have and keep the salary and emoluments thereof from the 15th day of February, 1897, until and including the 28th day of June, 1897."

V. The mistake of the date on the bond was a mere clerical error. The bond was given to stay the execution of the judgment. It kept the plaintiff out and it kept Hjul in. It enabled Hjul to get the salary and deprived Sweeney of it.

By the Court, MASSEY, J.:

The respondent instituted a proceeding to contest the election of one P. J. Hjul to the office of sheriff of Eureka county. The trial of this proceeding resulted in a judgment in favor of the said Sweeney. Hjul appealed therefrom to the supreme court, and, for the purpose of securing a stay of execution of the judgment, procured the appellants herein to execute an undertaking on appeal. The third recital in the undertaking was to the effect that, as the said Hjul was

desirous of staying the execution of the judgment in so far as it relates to the possession of said office and his incumbency therein, the appellants undertook and acknowledged themselves jointly and severally bound unto the respondent in the sum of $1,000 (being the amount for that purpose fixed by the district judge), conditioned that if the said judgment appealed from be affirmed, or the appeal dismissed, that the said Hjul would pay the value of the use and possession of said office from the time of the appeal until the delivery of the possession of the same to the respondent, not exceeding the said sum of $1,000.

It was also recited in the undertaking that the judgment of the district court was rendered on the ____ day of January, 1897, declaring and adjudging that the respondent was duly elected sheriff of Eureka county on the 3d day of November, 1897. The judgment of the district court having been affirmed by the supreme court, this action was commenced upon the undertaking to recover the fees and emoluments according to the conditions thereof. From a judgment in favor of the respondent, and the order denying appellants' motion for a new trial, this appeal has been taken.

Only two questions are argued by the counsel for appellants:

1. It is claimed that the undertaking is not authorized by law, and is therefore void. It has been held by this court that new trials and appeals in contested election cases are regulated by the civil practice act. (*Lynip* v. *Buckner*, 22 Nev. 426, 41 Pac. 762.) This act makes provision for the stay of execution of judgments on appeal, and the manner of giving and the form of the undertaking on appeal for such purpose are in many instances specifically set out. (Gen. Stats. 3364–3369.) It is provided in the last clause of section 3367 that, in all cases not mentioned, the amount of the undertaking to stay the execution of the judgment or order shall be fixed by court or the judge thereof. The stay of execution of judgment in contested election cases, not being specifically provided for, comes under this clause, and the recitals of the undertaking sufficiently show that all required steps were taken to render it a valid contract under the law.

2.   It is further claimed that the recital of the undertaking to the effect that the judgment was rendered in January, 1897, adjudging that the respondent was duly elected sheriff of Eureka county on the 3d day of November, 1897, renders it void.   The law fixing the time for holding the election, the recitals in the record, and the recitals of the undertaking conclusively show that the date of the election named is a mere clerical error.   It is a general rule of construction that certain obvious forms of mistaken expression, such as clerical, verbal, or grammatical errors, can be set right without any special remedies, by ordinary rules of construction.

It has been well said, in discussing a question similar to the one at bar, involving the validity of a recognizance:   " It is a patent clerical error, which consisted in writing ' 1882 ' instead of ' 1883.'   The whole record by which the matter is to be tried shows this.   We know judicially that the next regular term of the Newton circuit court, after the recognizance was taken, was required by law to be held on the second Monday in February, 1883.   The record shows that it was in fact so held.   The parties entering into this recognizance cannot be supposed to have meant an absurdity. They meant to do what the law permitted them to do in such a case—to enter into an obligation of record conditioned that the accused should appear at the next regular court of the county.   *   *   *   All modern courts appear to have united upon a rule, in cases at law as well as in cases in equity, that obvious clerical mistakes on the face of a written contract may be corrected with reference to the manifest intent of the parties as gathered from the whole instrument."   (*State* v. *McElhaney*, 20 Mo. App. 587;   Wald's Pol. Cont. 453.)

For these reasons the judgment and order appealed from will be affirmed.