## PALMER v. HARRIS.

No. 324. Opinion Filed March 26, 1909.

(101 Pac 852.)

1. **APPEAL AND ERROR—Supersedeas—Discretion of Court.** In cases where the statute makes no provision for a supersedeas or a stay of the judgment or final order as a matter of right, the trial court may, in the exercise of its discretion, allow a supersedeas or stay on such terms as it may prescribe for the protection of the parties, pending an appeal to the appellate court, following **In re Epley et al.**, 10 Okla. 631, 64 Pac. 18.

2. **ELECTIONS—Courts—Contest—Review—Supersedeas.** The trial court has jurisdiction, in the exercise of its discretion, to allow a supersedeas or stay of a judgment in an election contest, decreeing the contestant entitled to the office, and ousting the contestee from said office, and a writ of certiorari will not lie to review such order.

Turner, J., dissenting.

(Syllabus by the Court.)

Petition of T. R. Palmer for writ of certiorari to W. R. Harris. Writ denied.

This is an original action for a writ of certiorari to the district court of Muskogee county, and grows out of an election contest filed in that court by plaintiff against defendant. Plaintiff alleges in his petition that, on the 18th day of July, 1908, he obtained judgment in said contest proceeding, whereby defendant was ousted from the office of commissioner for the First commissioner's district of Muskogee county, and plaintiff was declared to be entitled to said office, and to exercise the functions thereof, and was awarded judgment for his costs in the proceedings. He also alleges that the trial court, after awarding him said

judgment, upon overruling defendant's motion for a new trial, and upon defendant's praying an appeal to this court, allowed such appeal, and gave him 40 days in which to make and serve a case-made, and allowed plaintiff 15 days within which to suggest amendments thereto, and 15 days thereafter in which to settle, sign, and file the case-made, and that the court further ordered that a supersedeas bond in the sum of $2,000, to be approved by the clerk of the said court, be given within 5 days, and that the judgment be stayed for such time, and that upon giving and approval of said bond within said period of time, the ouster be stayed pending the decision of this court. Defendant filed with the clerk of the district court of Muskogee county, within the time fixed by the court, his supersedeas bond, which was approved. Plaintiffs alleges that by reason of the action of the court allowing the supersedeas, he has been denied the right and privileges of entering into and performing the duties of his office, and is deprived of the emoluments inuring therefrom. He prays for a writ of certiorari to remove said judgment and orders of the court to this court, and for a judgment of this court decreeing the order allowing the supersedeas to be void. Plaintiff attached to his petition certified copies of the final judgment of the trial court, and the order allowing supersedeas, and of the supersedeas bond filed therein, and approval thereof by that court. It is agreed by defendant that the certified copies of the record attached to plaintiff's petition are correct, and that, if we decide that the writ should issue, such record may be taken as a return to the writ, and the question plaintiff desires to have decided by this court upon the return of the writ may be decided without the issuance of the writ.

*Charles A. Cook* and *A. A. Davidson,* for plaintiff, cited: *State v, Meeker* (Neb.) 27 N. W. 427; *State v. Woodson* (Mo.) 31 S. W. 105; *Jayne v. Drorbaugh* (Iowa) 17 N. W. 433; *Fylpaa v. Brown County* (S. D.) 62 N. W. 962; Elliott on Proc. & Prac., 392; High on Extra. Leg. Rem. § 756.

*Baker & Pursel* and *J. E. Wyand,* for defendant, cited: *In*

*re Epley,* 10 Okla. 631; *Gandy v. State* (Neb.) 4 N. W. 1019; *Home Fire Ins. Co. v. Dutcher* (Neb.) 67 N. W. 766; *Penn. Mutual Life Ins. Co. v. Creighton Theater Co.* (Neb.) 71 N. W. 279.

HAYES, J. (after stating the facts as above). The first question to be determined by this court is whether, upon the allegations of plaintiff's petition, the writ should issue. Writs of certiorari were abolished by section 4756, Wilson's Rev. & Ann. St. 1903, and did not exist as a part of the jurisprudence of the territory of Oklahoma before the admission of the state; but this court is authorized, by section 2, art. 7, of the Constitution, to issue writs of certiorari. In *Baker v. Newton et al.,* 22 Okla. 658, 98 Pac. 931, it was held that the power of the court under said section to issue writs of certiorari was to issue the common-law writ, and that such writ lies from this court to inferior courts, to bring to it the record in a case for investigation and review as to jurisdictional errors only. If the trial court in the case at bar was authorized to stay the judgment, and has not exceeded its jurisdictional power, the writ should not issue.

Section 4744, Wilson's Rev. & Ann. St. 1903, provides that, in a proceeding to vacate or modify any final judgment or order rendered by the probate court or district court in the four classes of cases specified therein. the judgment or final order may be superseded upon the taking by the clerk of such court of a written undertaking executed by the plaintiff in error. The four classes of cases mentioned in said section are as follows:

"First. When the judgment or final order sought to be reversed directs the payment of money. * * * Second. When it directs the execution of a conveyance or other instrument. Third. When it directs the sale or delivery of some real property. * * * Fourth. When it directs the assignment or delivery of documents. * * *"

The judgment in the case at bar belongs to none of these four classes, and it is contended by plaintiff that for that reason the trial court was without power to make the order permitting defendant to supersede the judgment.

This section of the statutes and other sections hereinafter mentioned were before the court for construction in *Re Epley et al.,* 10 Okla. 631, 64 Pac. 18, and defendant relies upon the rule announced in that case. The petitioners in that case, Epley, Boyington, and Riggs, composed the board of county commissioners of Garfield county and Hatter was the clerk of said county and *ex-offico* clerk of the board of canvassers of the election returns of said county. They had been directed, by mandamus issued by the district court of Garfield county, to reconvene and correctly canvass the votes as shown by the official returns of the election judges in two precincts in said county, cast at the election in 1900. From the order of the court granting the peremptory writ petitioners appealed to the Supreme Court of the territory, and obtained from one of the justices of that court an order staying the judgment of the trial court. But the trial court, upon refusal of the petitioners to obey the peremptory writ, proceeded to cite, hold, and imprison them for contempt of court. Thereupon petitioners prayed the Supreme Court for a writ of *habeas corpus.* The respondents attacked the validity of the order of the associate justice of the Supreme Court, staying the order of the trial court in the mandamus proceedings, and that was the only question directly involved in the *habeas corpus* proceedings. The court held that section 4750, Wilson's Rev. & Ann. St., which is as follows: "Execution of the judgment or final order of any judicial tribunal, other than those enumerated in this article, may be stayed on such terms as may be prescribed by the court or a judge thereof, in which the proceedings in error are pending" —authorized the staying of the order in the mandamus proceeding. Mr. Justice Hainer, who delivered the opinion of the court, quoted at length the various provisions in our Code authorizing the Supreme Court to review, on proceedings in error, judgment and final orders of the inferior courts of the territory, and authorizing such inferior courts and the appellate court to stay such judgment or order while being reviewed by the appellate

court. Speaking of the powers conferred upon the trial court by section 4744, Wilson's Rev. & Ann. St., Mr. Justice Hainer said:

"It will thus be seen that section 569 enumerates the four classes of judgments or final orders which may be stayed or superseded as a matter of right, upon terms prescribed therein, when an appeal is taken to this court from the district court or the probate court."

In commenting upon the provisions of said section the justice, following a line of cases from Nebraska, held that, in all cases where the statute makes no provision for a supersedeas as a matter of right, the trial court may in its discretion allow supersedeas upon conditions which it may fix for the protection of the parties. The effect of the entire opinion is that, in all cases named in the four classes provided in said section 4744, the right to stay or supersede the judgment is one of right which the trial court cannot refuse; that in all other cases such right is in the discretion of the trial court, or may be granted by the Supreme Court, or any justice thereof, under the provisions of section 4750.

It is urged by plaintiff that that portion of the opinion which holds that, in all other cases than the four classes enumerated, the right to stay or supersede a judgment is in the discretion of the trial court is *obiter dicta,* and not binding upon this court, and is contrary to the weight of authorities. We think the criticism to the effect that it is *obiter dicta* is well founded. The power of the trial court to grant supersedeas in such cases was not involved in that case, but only the power of the Supreme Court, or a justice thereof, but it is clear that the justice delivering the opinion did not inadvertently pass upon the power of the trial court in such cases, for in the syllabus of the case, which was by the entire court, is the following paragraph:

"In cases where the statute makes no provision for a supersedeas or a stay of the judgment or final order as a matter of right, the trial court may, in the exercise of its discretion, allow a supersedeas or stay on such terms as it may prescribe for the protection of the parties pending an appeal to the appellate court."

The rule of the court in this paragraph of the syllabus is well supported by a long line of Nebraska cases construing a similar statute, among which are the following: *Gandy v. State,* 10 Neb. 243, 4 N. W. 1019; *Cooperrider et al. v. State,* 46 Neb. 84, 64 N. W. 372; *Penn Mut. Life Ins. Co. v. Creighton Theatre Bldg. Co. et al.,* 51 Neb. 659, 71 N. W. 279; *Home Fire Ins. Co. v. Dutcher et al.,* 48 Neb. 755, 67 N. W. 766; *In re Ray, Prante v. Lompe,* 74 Neb. 210, 104 N. W. 1150.

We are of the opinion that it was the intention and desire of the court in *Re Epley* to determine and fix the practice governing, staying, and superseding judgments and final orders appealed from that led them to decide the question of the power of the trial court to supersede judgments not mentioned in the statute, which question is involved in this case, but was not directly involved in that case. The rule in that case was accepted and followed by the trial courts and appellate court of the territory of Oklahoma subsequent to its announcement, prior to the admission of the state, and, so far as we are informed, it has been generally followed by the trial courts of the state; and, while its correctness has never been brought to the attention of this court heretofore, it has been silently acquiesced in, and we think that it has become a too well-settled rule of practice in this state to justify this court in making an extensive examination to ascertain whether it is supported by the weight of authorities, since to set it aside at this time would probably cause great inconvenience and confusion in the practice, and it may easily be changed by an enactment of the Legislature, if there is any necessity therefor. *Weaver v. Gardner,* 14 Kan. 348. We, therefore, in so far as the rule announced in that case is applicable to the case at bar, adopt and follow the same.

The language of the judgment disposing of the issues involved in the trial court is as follows:

"It is therefore ordered, considered, and adjudged by the court that the defendant be ousted from the office of county commissioner of and for the First commissioner's district of Muskogee county, and that plaintiff be, and he is hereby, declared

entitled to said office, and to exercise the functions thereof, and that the plaintiff have and recover of and from said defendant all his costs of and about this suit laid out and expended, and that execution may issue, to which ruling and judgment of the court the defendant at the time duly excepted."

The order of the court allowing the judgment to be stayed directs that the supersedeas bond shall be given within 5 days, and that the ouster shall not take effect until the expiration of that time, and that, upon the giving of the bond within said time, the ouster shall be stayed pending the decision of this court, and that defendant be required to file his petition in error within 75 days from the date of the judgment. The supersedeas bond filed is conditioned that plaintiff in error, defendant in this action, shall abide the decision of the Supreme Court, and vacate said office of commissioner, and pay all costs in case judgment shall be adjudged against him. There can be no doubt that the order of the trial court, staying the judgment to the extent that it stays the execution for costs, is within the rule in *Re Epley,* but it is urged by plaintiff that said judgment of ouster, to the extent that it declares him to be the duly elected commissioner and ousts defendant, is self-executing, and cannot be stayed. The Supreme Court of the territory, in announcing the doctrine in *Re Epley, supra,* that in all cases where the statute makes no provision for a supersedeas or stay of judgment, the trial court may, in the exercise of its discretion, allow a supersedeas or stay, followed and adopted the rule of the Supreme Court of Nebraska. The Supreme Court of that state in following this rule has recognized no distinction in the application thereof between judgments that are self-executing and those that are not self-executing. In fact the rule had its origin in that jurisdiction in a case in which the judgment appealed from was a self-executing judgment. The first pronouncement of that court upon that question is in *Gandy v. State,* 10 Neb. 249, 4 N. W. 1019, which was a proceeding in the nature of a *quo warranto* to oust from office one who was alleged to be disqualified by reason of having been convicted of a felony. The trial court rendered a judgment

of ouster, on appeal from which judgment it refused to grant a supersedeas, and this act of the court was included in one of the assignments of error in the appellate court. The appellate court held that appellant was not entitled, as a matter of right, to the supersedeas, but that it was in the province of the trial court in its discretion to grant it, and that the refusal to do so was not a subject for review.

In *Carson et al. v. Jansen et al.*, 65 Neb. 423, 91 N. W. 398, appellants had brought against defendants an action to set aside an assignment of a judgment from defendant M. to defendant J. as being in fraud of creditors, and to subject said judgment and its proceeds to the payment of a judgment which appellants held against 'M. The judgment of the trial court was against plaintiff and in favor of the defendants. This judgment, in its very nature, was self-executing; no writ of execution was required to enforce it. The trial court allowed the same to be stayed, and by order fixed the amount of the supersedeas bond, but made no provision as to the conditions of the bond. Defendant J., the holder of the assigned judgment pending the appeal, was threatening to collect the judgment. Appellants brought their suit to enjoin her from doing so, and to maintain the *status quo* of the case pending the appeal. On appeal from the decree of the trial court in favor of the defendant J. the Supreme Court held that the district court had power in its discretion to supersede the judgment in the action by which appellants sought to have the assignment of the judgment set aside, but that said supersedeas was ineffectual for the reason that the court had failed to prescribe the conditions of the bond. The court in this case. however, as in *Gandy v. State, supra,* recognized and made no distinction in the application of the rule between self-executing judgments and those that are not self-executing.

Plaintiff has called our attention to *State v. Meeker,* 19 Neb. 444, 27 N. W. 427, and *State v. Mayor and City Council of Kearney,* 28 Neb. 103, 44 N. W. 90, and contends that the doctrine of those cases is in conflict with the doctrine and rule in *Gandy v. State,* but this contention is not well founded. In *State ex rel.*

*Dodson v. Meeker* (Neb.) 27 N. W. 427, the county board, upon complaint made to them, removed respondent from the office of district clerk, under a provision of the statute authorizing said board to remove officers for misconduct, and appointed the relator to fill such vacancy, whereupon respondent refused to surrender possession of the office, and mandamus proceedings were brought to obtain possession. The respondent, Meeker, appealed from the action of the county board removing him, and made application to said board to allow him a supersedeas, and presented to the board a bond in the sum of $1,000 for its approval, which the board refused to approve, whereupon such bond was presented to the clerk of the district court, to which the action was appealed, and was approved. It may be seen from this statement of the facts in that case that the question before the court therein was not the question before the court in *State v. Gandy* and in the case at bar. The effect of that case is that respondent, Meeker, was not entitled to a supersedeas bond under the provisions of the statute authorizing supersedeas in certain cases, but it does not hold that the trial court was without power in its discretion to grant supersedeas. That question was not before the appellate court, and there is no expression of the court thereon in the decision.

In *State v. Mayor* the facts before the court were very similar to the facts in *State v. Meeker.* The supersedeas bond relied upon in that case, which was an election contest, was one that had been given under the provisions of the statute, without an order of the court allowing the same, and the effect of the opinion of the court in that case is that such bond is not authorized by the statute, but it does not decide that the trial court was without power in its discretion to grant such supersedeas. In neither of these cases is the case of *State v. Gandy* referred to, and we cannot think that the court intended to overrule the rule announced in *State v. Gandy,* when that question was not before the court in either of those cases, and no reference is made in either case to *State v. Gandy.* In *Sweeney v. Karsky et al.,* 25 Nev. 197, 58 Pac. 813, it was held that a clause of a statute, which provided

that, in all cases not mentioned in preceding sections of the statute, providing the amount of undertaking necessary to stay the execution of a judgment, the court or judge thereof should by order fix the amount of the undertaking to stay the execution of the judgment, authorized the court to stay the judgment in an election contest. A like conclusion is announced in *Grelle v. Pinney,* 62 Conn. 478, 26 Atl. 1106, and in *Day v. Gunning,* 125 Cal. 527, 58 Pac. 172. See, also, *U. S. v. Addison,* 22 How. 174, 16 L. Ed. 304.

We are not unmindful of the fact that it has been held in many jurisdictions that a self-executing judgment cannot be superseded, and that some of the cases in which it has been so held seem to be directly in point upon the question now before the court, and in conflict with the rule of the Nebraska court followed by the Supreme Court of the territory. Some of said cases are as follows: *Mayor v. Shaw,* 14 Ga. 162; *Allen v. Robinson,* 17 Minn. 113 (Gil. 90); *Fylpaa v. Brown County,* 6 S. D. 634, 62 N. W. 962; *Honey v. Davis et al.,* 38 Tex. 63; *Craig v. Woodson,* 128 Mo. 497, 31 S. W. 105; *Fawcett v. Superior Court,* 15 Wash. 352, 46 Pac. 389, 55 Am. St. Rep. 894; *State v. Poindexter,* 43 Wash. 147, 86 Pac. 176; *Jayne v. Drorbaugh,* 63 Iowa, 711, 17 N. W. 433; *Ewing v. Thompson,* 43 Pa. 372; *State v. Commissioners,* 14 Ohio St. 515. In some of the cases here cited the decisions of the courts that a self-executing judgment is not stayed by supersedeas is upon a state of facts resulting from the attempt to supersede such judgments under the general provisions of the statutes authorizing the execution of judgments in certain classes of cases to be stayed upon the execution of an undertaking, and do not arise upon facts wherein the power of the court to allow a stay independent of the statute is involved. The writer of this opinion, however, cannot say, after a careful investigation of the authorities, that he is not impressed that the better reasoning and the weight of authorities is to the effect that self-executing judgments cannot be stayed unless especially authorized by statute. But, as before stated, the rule adopted by the Supreme Court of the territory in *Re Epley,* following the

rule of the Nebraska court, authorizes the trial court in their discretion to allow a supersedeas in any case. We do not feel that we would be justified in disturbing the rule of practice which the observance of the rule of that case by both the bench and bar in this jurisdiction for the past 8 years has established. We, therefore, conclude that the trial court did not exceed its jurisdiction granting the order permitting its judgment to be superseded.

This conclusion against plaintiff's contention as to the jurisdiction of the trial court to make the order complained of is fatal to his right to the writ, and we shall not discuss whether, if such contention had been true, he had another adequate remedy, as neither party has noticed this question in his brief.

The writ is denied.

Kane, C. J., and Williams and Dunn, JJ., concur; Turner, J., dissents.